DORÉ, Judge.
This is a suit arising from an accident wherein Harold J. Scharnette, a seven year old school iboy, was struck by an automobile being driven by James Prather, the defendant. The school boy’s father sues for the sum of $70.25 for medical expenses in connection with his son’s injuries and for $750.00 for the pain and suffering of his son. The material allegations of the-petition are as follows:
“That on September 22, 1947, petitioner’s minor son, Harold J. Scharnette, who was then seven years of age, was a passenger on a school bus operated by G. C. Hall, which transported children from Leland Practice School, near Baker, Louisiana, to the Scenic Highway at the intersection of Weller Avenue, in East Baton Rouge Parish, Louisiana; that on said date, at about the hour of four-thirty o’clock p. m. said bus, which was traveling south, was stopped on the Scenic Highway on its right hand side, at the intersection of Weller Avenue and the said Scenic Highway, so- as to allow the children who were being transported from said School to leave said School Bus and repair to their homes; that the home of said minor child, Harold J. Scharnette, was Municipal Number 4127 Tuscarora Street, in East Baton Rouge Parish, Louisiana.
“That on said date, and at the hour above mentioned,- a Trooper of the Louisiana State Police was on duty at the Scenic Highway at the intersection of Weller Avenue, for the purpose of directing traffic, and that when said school bus discharged its passengers, including petitioner’s minor son, Harold J. Scharnette, the Trooper signaled for all traffic going north and south to stop in order that the children in said School Bus could cross the Scenic Highway from the West side to the east side, and that the cars approaching from the south stopped, and the cars approaching from the north stopped, whereupon the State Trooper signaled to the children, including petitioner’s minor son, to cross the Scenic Highway from the west side to the east side, and that while petitioner’s minor son was in about the middle of the Scenic Highway, crossing on instructions from the State Trooper, the said James Prather, operating an automobile with a trailer attached, and traveling north on the Scenic Highway, went around an automobile which was traveling north on the Scenic Highway, and which had stopped at the intersection of the Scenic Highway and Weller Avenue, and in utter disregard of the signal from the St.ate Highway Policeman ran into and struck'petitioner’s minor son causing injuries hereinafter set forth.
“Petitioner shows that the injuries received by his minor son were caused solely by gross negligence on the part of the said defendant in operating said automobile and trailer, in the following respects:
“(1) Ünder the laws of the State of Louisiana, he was required to stop when the School Bus stopped;
*278 “(2) That he disobeyed the signal from, the State Highway Policeman, who was directing traffic, and who had signaled for all cars traveling north to stop; and,
“(3) That when he came around the car which was likewise traveling north, and which had been brought to a stop, he had sufficient time to see that the school children were in the middle of the Scenic Highway, and, if he had been maintaining the proper lookout, he could have seen that the children were in a perilous position, and could have brought his automobile to a stop, and avoided running into petitioner’s minor son.”
The defendant, in his answer, denies all the material allegations of the petition and further avers that he was guilty of no contributory negligence whatsoever, and that the said accident was caused solely by negligence and carelessness of the said minor child, Harold J. Scharnette, in crossing the highway in violation of the traffic rules.
After trial of the case the District Court rendered judgment in favor of the plaintiff in the sum of $200.00 for the pain and suffering of the minor child and $70.25 for the medical expenses in connection with his injuries. The defendant has appealed. Plaintiff has answere4 the appeal, praying that the award of $200.00 be increased to the sum of $750.00 and in the alternative' that the judgment be affirmed.
The sole and only question involved in this case is whether or not the plaintiff has proved his case to a legal certainty. Unfortunately, the trial judge did not favor us with his conclusions of fact.
At the outset, it may be noted that the intersection whereon the accident happened is formed by the Scenic Highway running north and south along the Standard Oil Company Plant on the west side thereof, and Weller Avenue which runs east and west and forms a dead-end at the Standard Oil Company Plant. There is a traffic light at this intersection which, it appears, is used for normal traffic but which is cut off when shifts of the Standard Oil Company are using the intersection at which time the traffic is directed by a traffic policeman.
The only eyewitness to the accident who testified was the defendant himself. He states that he was proceeding north on the Scenic Highway which he had entered from the Standard Oil Company gate about a half block south of Weller Avenue, and “When I approached Weller Avenue the light was out. I came to an approximate stop, and as I approached this intersection there was a car traveling south, a 1939 Chevrolet, I did have the license number but I lost it. This car that was traveling south stopped to make a left hand turn up Weller Avenue to let me by, and as he stopped, I headed on across the street; he had signaled a left hand turn. I was going about ten miles per hour as I started across this intersection, and as I approached this car I heard a small child scream; there was several of them off the Standard Oil side of the road, and when I heard the scream I applied my brakes. Just glancing up I figured that one of these children had darted out behind this car that had stopped to make a left hand turn. As I came to an approximate stop this boy ran right into my left front fender and jumped up and ran off iback over to the Standard Oil side where it was neutral ground, and whenever I got out of the car and started over to where he was I picked up a sandal shoe there that was approximately one foot from the front wheel, and then I walked up to this child. The policeman walked up, coming from toward those buildings, and the policeman and I examined the boy and found nothing wrong with him except that he was scared and crying, and the policeman looked at his foot and had him walk up and down around the neutral ground close to the Standard Oil fence. And at the same time my car was parked in the middle of the intersection of Weller Avenue and the Scenic Highway and had that traffic blocked, and the car going South was still there because he couldn’t make a left hand turn up Weller Avenue due to my trailer having Weller Avenue blocked, and I have yet to see any sign of the school bus. I asked the policeman if he thought I ought to carry him to a doctor and he said no, that there doesn’t seem to be anything wrong with the boy’s foot or nothing else wrong *279 with him — no gash in his head. I examined the boy and so I gave the policeman my name, address and telephone number and proceeded.”
If the accident happened as related by the defendant, it is difficult to see wherein he was guilty of any negligence which was the proximate cause of the accident. According to his story, the School Bus was no longer there nor was there a traffic policeman directing the traffic and obviously he was proceeding north on the Scenic Highway at a reasonable rate of speed and crossing an intersection where the light had been turned off, indicating that a stop was not necessary. He does admit that he knew that there were some children on the Standard Oil side of Scenic Highway, but we do not believe that he was thereby put on guard that this seven year old boy would attempt to cross in front of his on-coming car.
The only other eyewitness to the accident apparently is the seven year old school boy, Harold J. Scharnette. For some reason the plaintiff did not see fit to use him as a witness and contented himself with the testimony of seven witnesses who saw the injured little boy shortly after the accident. The main witnesses are Arthur Segus and Yvonne Green.
Witness Segus testified that he and Harold J. Scharnette and some other four students got off of the bus at the same time; that they were told toy the State Policeman to cross the street; that the school bus left before they crossed; that Harold was behind him. He states that at the time they crossed, the Policeman was standing in front of the Auto Lee Store on Weller Avenue and that he had left the street by that time. It may be noted that this witness made a statement to Carol W. Prather, father of the defendant and a Federal Officer, some time after the accident and before the trial, wherein his testimony does not exactly jibe with the testimony given at the trial. In his statement he says that the traffic officer was not present when they crossed and that they therefore used their own judgment.
Witness Yvonne Green, who was ten years old at the time of the trial, also testifies that the bus had gone when they started across the street and that the speed cop first told all the cars to go ahead, then he stopped the cars and told them to come on across. She says: “Arthur (Segus) and I‘ were the only two then and we turned around, I think the car came out of Weller Avenue, and I didn’t see anymore until I turn around and saw him (Harold) laying down.” She states that Harold was crossing behind her and Arthur. She too had made a statement after the accident which is not exactly in line with her testimony. In her testimony she stated that the car ran into this boy and knocked him down, whereas in the. statement she says that Harold hit the fender of the car and rolled over.
It may be noted that neither Arthur Segus nor Yvonne Green, who was supposed to be crossing the street ahead of Harold, testify to having seen the approaching car of defendant, and neither one saw the actual accident, since it, happened behind them.
It may be further noted that there is no explanation as to what happened to the other pupils who got off at the intersection.
The Traffic Officer, O. D. Hayden, testified as follows: “Well, it’s not much to that day because I wasn’t out there when that accident happened. You see Standard Oil turned out at intervals and at 3:30 a shift turned out. We work that traffic and then there’s another interval of about fifteen minutes, so we usually work that light by switch, cut the light off and leave it off until another shift turns out. We can handle it by a switch. I threw the switch and worked the traffic through and as it, as the traffic died down I turned off the light and backed off to the side and walked into the Dixie Auto Lee Store owned by Mr. Fotch — he has a water cooler back there in the back that we use, so I had walked back and took a drink of water and was standing there talking to him when somebody came back and told me somebody had done run over a kid, and I ran out of the store and went over there.”
Pie further states that he didn’t even see the bus come up; that he must have been in the store for some five minutes. The *280 officer admits that he made no written report of the accident for the reason that he did not feel that there was much to it, but he does definitely testify that there was no .bus stopped at the intersection to his knowledge or that he assisted or directed the children across as testified to by Arthur Segus and Yvonne Green. With reference to whether or not he talked to the defendant, Prather, he says “I think — I don’t remember if I took the man’s name or not — It has been a long time ago.”
The rest of the testimony is merely to the effect that the child was injured on the right foot, for which he had to wear a brace for some three weeks, and had a small gash on the head. In so far as the quantum of damage is concerned, we believe that the award of the trial judge for $200.00 for pain and suffering is fair. The child had not sustained any permanent injury. The other item of award for medical expenses has also been proven.
However, on the question of liability, we do not agree with the trial judge. As stated before, he has given us no written reasons for his judgment, but necessarily he must have accepted the testimony of Arthur Segus and Yvonne Green, and completely rejected the testimony of the defendant, Prather, and of the traffic officer, Hayden. Of course, he had the advantage of having the witnesses before him, but the testimony of Arthur Segus and Yvonne Green, in the light of prior statements made by them, does not sound true especially when flatly contradicted by the defendant and by the traffic officer. It is our opinion that plaintiff has failed to prove negligence on the part of defendant, Prather; at least that he has failed to prove his case to a legal certainty. It seems to us that the only proof in the record is that this little school boy was injured by being hit by or running into the left front fender of the defendant’s car, but that this accident was caused by the child’s carelessness and not by any negligence on the part of the defendant.
For these reasons, the judgment appealed from is reversed, annulled and set aside, and plaintiff’s suit is dismissed.